848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pascal REDFERN, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1079.
 United States Court of Appeals, Federal Circuit.
 May 5, 1988.
 
 Before MARKEY, Chief Judge, RICH and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Postal Service Board of Contract Appeals (board), PSBCA No. 1512, 87-3 BCA p 19,983, denying reconsideration of the Board's earlier decision, 87-1 BCA p 19,646, affirming the termination for default of Pascal Redfern's (Redfern) highway transportation contract because of Redfern's violation of Postal Service regulations, is affirmed.
 
 OPINION
 
 2
 Redfern's main arguments on appeal relate to facts he alleges were incorrectly decided. We decline to alter the board's decision, however, because substantial evidence supports each and every finding. See Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984) ("even though the record may contain evidence which supports a contrary position, we will not alter a board's finding if substantial evidence supports it"); 41 U.S.C. Sec. 609(b) (1982). As in Erickson, Redfern failed to show us reversible error with respect to any stated fact.
 
 
 3
 We agree with the board that Redfern was afforded all procedural rights mandated by the Contract Disputes Act (CDA), 41 U.S.C. Secs. 601-13 (1982 & Supp.1985)). The CDA does not mandate the "pretermination evidentiary hearing" contemplated by Redfern. Redfern's arguments that the hearing provisions promulgated under the CDA offend procedural due process and that he had been deprived of equal protection of the laws and his "free speech" rights are similarly meritless. In part, Redfern's trouble is that those allegations incorrectly assume facts contrary to facts found below and affirmed here.[1]
 
 
 4
 We agree with the board's initial decision and reconsideration decision that the absence of Sears' testimony provides no cause for Redfern's allegation of prejudicial procedural error.
 
 
 5
 We have carefully considered Redfern's remaining arguments and find them equally unavailing.
 
 
 
 [1]
 Redfern's "estoppel" argument, which he titled "laches" before the board, fails for the same reason